**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**NICHOLAS INGIANNI,**

                                              **Plaintiff,**

     **vs.**                                              **8:13-CV-13**
                                                          **(MAD/ATB)**

**COMMISSIONER OF SOCIAL SECURITY**

                                              **Defendant.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**OFFICE OF MARK A. SCHNEIDER**           **MARK A. SCHNEIDER, ESQ.**
57 Court Street
Plattsburgh, New York 12901
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**        **KATRINA M. LEDERER, ESQ.**
Office of Regional General Counsel
Region II
26 Federal Plaza - Room 3904
New York, New York 10278

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

     Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c) seeking judicial

review of the Commissioner's denial of his application for Disability Insurance Benefits ("DIB")

and Supplemental Security Income ("SSI") under the Social Security Act.  Before the Court are

the parties' cross-motions for judgment on the pleadings.  *See* Dkt. Nos. 12, 13.  This matter was

referred to United States Magistrate Judge Andrew T. Baxter for a Report and Recommendation,

pursuant to 28 U.S.C. 636(b) and Local Rule 72.3(d).

     On April 23, 2010, Plaintiff filed an application for DIB and SSI benefits, alleging a

disability beginning on June 30, 2008.  *See* Dkt. No. 8, Administrative Transcript ("T."), at 206-

09, 210-14.  The application was initially denied, and Plaintiff requested a hearing, which was held on March 29, 2011.  T. 91-92, 26-53.  On May 11, 2011, the Administrative Law Judge ("ALJ") issued a decision denying Plaintiff's applications for benefits.  T. 96-106.  Plaintiff appealed the ALJ's decision and, on July 25, 2011, the Appeals Council reversed the ALJ's decision and remanded the case to the ALJ for a new hearing.  T. 112-14.  On November 11, 2011, the ALJ held a new hearing and on January 4, 2012, issued a new decision, again denying Plaintiff's benefits.  T. 54-90, 9-23.  The ALJ's decision became a final determination of the agency when the Social Security Administration Appeals Council denied Plaintiff's request for review of that decision.  T. 1-6.

Plaintiff commenced this action on January 4, 2013.  *See* Dkt. No. 1.  Plaintiff alleges that (1) the ALJ violated the remand order by not fully evaluating the limitations of Plaintiff's extreme obesity; (2) the ALJ violated the remand order by not accurately including the limitations caused by Plaintiff's mental illness and headaches in her Residual Functional Capacity ("RFC") determination; (3) the ALJ erred by discrediting Plaintiff's testimony; and (4) the ALJ failed to give appropriate weight to treating sources.  *See* Dkt. No. 12 at 2.

In a Report and Recommendation dated January 7, 2014, Magistrate Judge Andrew T. Baxter concluded that there was substantial evidence to support the ALJ's determination that Plaintiff's obesity would not have more than a minimal impact upon his work-related functions, and that the ALJ properly considered Plaintiff's obesity in combination with his other impairments.  *See* Dkt. No. 14 at 10-14.  Magistrate Judge Baxter also concluded that "[t]he ALJ gave appropriate weight to Plaintiff's treating sources and properly assessed the limitations caused by Plaintiff's mental illness as ordered by the Appeals Council."  *Id.* at 24.  Further, Magistrate Judge Baxter concluded that the ALJ's finding that "[P]laintiff's complaints of pain and other

symptoms were only credible to the extent that they were consistent with the stated RFC [ ] was supported by substantial evidence." *Id.* at 24-25. Magistrate Judge Baxter ultimately found that the Commissioner's decision was supported by substantial evidence and recommended that Plaintiff's complaint be dismissed in its entirety. Neither party objected to Magistrate Judge Baxter's Report and Recommendation.

When reviewing the Commissioner's final decision, the court must determine whether the Commissioner applied the correct legal standards and whether there is substantial evidence to support the decision. *See Urtz v. Callahan*, 965 F. Supp. 324, 326 (N.D.N.Y. 1997) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). The Commissioner is ultimately responsible for determining a claimant's eligibility; however, an Administrative Law Judge makes the actual disability determination. The decision of the ALJ is subject to judicial review on appeal. A court may not affirm an ALJ's decision if it reasonably doubts that the ALJ applied the proper legal standards, even if it appears that the ALJ's decision is supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987). The ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *See Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984) (citation omitted).

When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (citation omitted). When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error. *See id.*; *see also Gamble v. Barnhart*, No. 02CV1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004) (citations omitted).

Having reviewed Magistrate Judge Baxter's Report and Recommendation, the parties'

submissions, and the applicable law, the Court concludes that Magistrate Judge Baxter correctly determined that the decision of the Commissioner be affirmed.

Accordingly the Court hereby

**ORDERS** that Magistrate Judge Baxter's January 7, 2014 Report and Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that the decision denying benefits is **AFFIRMED**; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 24, 2014
        Albany, New York

Mae A. D'Agostino
U.S. District Judge

4